Good morning, Your Honor. It's Tony Agpao for the petitioner, Narayan Chhetri. Your Honor, this case was heard by Immigration Judge Beverly Phillips, and it's regarding an asylum application, withholding, and relief under the Convention Against Torture for my client. At the hearing, my client set out very specifically acts of conduct by malice organizations in Nepal that we believe raised the level of persecution as defined by the Act, several incidences that were alleged. And it generally was not rebutted by the government. The judge in this particular case made a ruling. There was another issue regarding the one-year bar. And she spoke a lot about the incident. But in the record, there was no indication that she had made a decision regarding the merits of the asylum case. She did rule that the ---- Did you appeal the asylum denial? I don't see anything in your brief that talks about that. That was not. So you haven't appealed it? That is correct. Okay. So we ---- what happened was that we continued to ---- we did appeal the case. However, we believe that since there was no ruling as to the merits of the asylum case, that even though there was a ruling on the one-year bar, the merits of withholding a removal and withholding a removal under CAT should have been considered. And so that is our position. And we believe that there was sufficient persecution as required under the Act in order to show that there was past persecution, and that we believe reasonably that the Petitioner would have felt a fear of future persecution and, therefore, should have been given the opportunity to argue both withholding and withholding under CAT. That's our position. Judge Smith, did you have any questions? I don't have any questions. Okay. Thank you very much, sir. You're welcome.  For the government, please. May it please the Court. Mr. Chetri's petition for review should be denied. I didn't get your name. I'm sorry. It's Edward Sullivan for the Department of Justice. Thank you. Edward Cole? Sullivan. Sullivan, yeah. That's what I thought it was. The petition here should be denied. The record evidence does not compel a reversal of the Board or the immigration judge's determination that Mr. Chetri is ineligible for withholding of removal or for relief under the Convention Against Torture. But, counsel, the government bears the burden of proof overcoming a preponderance of the evidence that there was past persecution, doesn't it? If there is a finding of past persecution. And wasn't there such a finding in this case? It's not altogether clear from the record. If you look at the record, the immigration judge spent considerable time talking about the Maoist incidents in May of 2000 and appeared to give credibility to the petitioner. However, there wasn't an explicit finding about past persecution. But the immigration judge never questioned the petitioner's credibility. He appeared to accept his allegations regarding past persecution, didn't he? It appears that the immigration judge, without making an explicit finding, did assume that past persecution had been established. If there then is a rebuttable presumption at that point in time, there is evidence in the record indicating that upon cross-examination, Mr. Chetri conceded that he could relocate within Nepal and live a relatively tranquil life. There was a number of concessions. Where is that? Where is that in the record, where he conceded that? He testified on pages 70 to 72 of the record, 65, 69 to 70, and the immigration judge found on page 37 of the record that two key points. First, that Mr. Chetri lived for nearly a decade in a village just outside of Kathmandu without any problems or incidents with the Maoists. He also conceded that his wife and his son were living with his mother-in-law in the exact same town just outside of Kathmandu since 2000 without any serious problems, and that was the immigration judge's finding on that. Okay. Let me just go back a little bit with you here. In the matter of DI, which, of course, is a BIA case, it's clear that the immigration judges have to make a specific finding that the applicant either has or has not suffered past persecution, and as you yourself have, I believe, conceded, that wasn't specifically done. Under the circumstances, don't we need to send this back so that that can be done one way or another? And Your Honor referred to DIM? Uh-huh. That matter was decided in 2008, so I would just preface my answer by saying that it wasn't the law at the time of the decision in 2004. I understood you just to say, excuse me, but I understood you just to say that you concede that she made an implicit finding of past persecution. That's correct. It's not altogether clear from the record, but based on the way— Okay, but let's give him the benefit of the doubt that there's a finding of past persecution. Okay? That's an assumption we'll make that's in his favor. That then shifts the burden to the government to show that he can internally relocate, correct? That's correct. And at that point in time, there is record evidence, as I mentioned before, indicating that he effectively, that that evidence had been effectively rebutted, that he could internally relocate. Does it appear from an examination of the IJ's decision that, in fact, the IJ recognized where the burden rested? There was not a discussion of the regulatory framework on that particular point. And indeed, the paragraph you referred to on page 37 of the record says, the Court has persuaded that Respondent has failed to establish. In that case, the Respondent is what we know as the Petitioner. Isn't that correct? So it appears that the IJ is putting the burden on the alien, the person we call the Petitioner, which appears inconsistent with the regulation. Well, certainly the burden is on the alien in the first instance to establish past persecution. The burden then shifts. What we're submitting is it's not altogether clear from the record what she found in that particular case. Okay. But I'm not sure that helps you. If it's not clear from the record, then what are we supposed to do? We send it back for that reason. If we assume that there was a finding of past persecution, then the burden shifts, but the record indicates that the IJ didn't recognize the shifting of the burden. We would submit two points here. First, that there are other decisions that discuss NRADIM. And I point the Court to Lallanaj, L-A-L-L-I-N-A-J, v. Holder, 2009, Westlaw, 167-4372. It was decided June 16th. And in that particular decision, what they were talking about is that would be that the record evidence effectively did rebut that there was evidence in the record showing that the presumption had been effective. I don't know the case, but I don't know how it can help us, because if the burden rests on the government and there's no indication that the agency applied that burden, the fact that there's record evidence simply asks us to become the agency, which is not our job. We can only do what the firm or review what the agency's done, and it appears that the agency hasn't applied. And there's no indication that the agency's either properly found the existence of no past persecution or has recognized that if there is past persecution, the burden shifts to the government. So what are we supposed to do? Your Honor, what I'm trying to express here is that, two points. First, that it would be futile to remand it because it's already been effectively rebutted in the record that he could relocate internally. If the Court deems, though, that there was error and that there was not an adequate discussion of the regulatory framework, then the adequate remedy would be to remand and to allow the immigration judge to decide in the first instance that particular  If it were remanded, I think everybody around the time of the Olympics in Beijing are aware that things have changed a little bit in that entire area. That's correct. Would that have any impact on a reconstituted case before the IJ, or could it possibly have an impact in terms of relocation, homeland conditions, and the like? If it is determined by the panel that there's error and that remand is warranted, we submit then that the record evidence should be expanded. The record evidence only went up through 2004. And without we submit that in the first instance, the judge should the judges here should look at the record evidence. But if it were to go back and expand, there is evidence that in 2006 there was a treaty between the Maoist and the Nepalese government, so that evidence should be taken into account for changed circumstances. The other case I would just point out on this particular issue is Uli, U-L-I, v. McKasey, 533 F. 3rd, 950, and that's 8th Circuit, 2008. What both of those cases show is that there are instances where the record is not terribly clear on an explicit finding of past persecution, but in one instance they found that it would be futile to remand, and the other that they found that though there was not a specific finding, there were specific references in the record to the ability to relocate and changing conditions. Did those cases specifically address, though, the agency's burden according to its own regulations? It did discuss the regulations in both of those cases. It basically said it didn't matter. One case, the Lalanaj decision, did say that it would be futile. It recognized the regulatory framework, but that it would be futile to send it back because there was enough record evidence recognized by the immigration judge indicating that the individual could relocate or that in that particular case that the conditions had changed, that there were changed circumstances. Are these our decisions or the BIA's decisions? The two cases I just mentioned. Right. One is 2nd Circuit, and the other one is the 8th Circuit. Do we have those someplace, or have you submitted them to us? I did not, Your Honor. The Lalanaj decision just came out a few weeks ago. That's fine. If you could give us a 28J letter, that would be easiest for us to track down. I will do that. Let me ask you one other thing with regard to the BIA's decision, which specifically used language affirming certain portions of the IJ's decision, but the portions mentioned say nothing about the claim under the Convention against Torture. Now, I confess that on these facts, that claim is at best implausible in light of the other determinations, but I run into the same problem. What are we supposed to do when the BIA appears to have said nothing with regard to one of the claims that's clearly on the table? It is correct, as we noted in our brief, that the BIA decision doesn't expressly state a ruling with respect to the Convention against Torture denied application. What we indicated in our brief, though, is that we believe that the Petitioner has put forth a sort of hyper-technical construction, given that the BIA cited matter of Bourbano, in which it appeared that it was affirming in its entirety without disagreement the board's decision, the clear thrust of the immigration judge's decision. The clear thrust of the immigration judge's decision was to deny all applications for relief, including the CAT claim and the withholding of removal. I see that my time is out, so to conclude briefly, the government submits that the Petitioner for review should be denied if the Court determines that there was error with respect to the past persecution issue. We respectfully submit that it should be remanded in the first instance for the immigration judge and the board to review. Thank you. Roberts. Thank you, Mr. Sullivan. The Honors, at this time, I have no rebuttal. Just that the petition be remanded. Thank you. Thank you very much, gentlemen. The case is just argued and submitted. Yvette, do we have the gum sheets for the citations? Would you kindly give that to Mr. Sullivan? And we have a form you can fill out to put these additional citations in. Would you make sure that counsel gets a copy of that, too, please? I will do that.  Thank you very much.
judges: Silverman, Clifton, M. Smith